## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSHUA GREEN,                                     :
               Plaintiff,               :
                             :

               v.                 :     Civil No. 5:25-cv-02333-JLS

                             :

CITY OF LANCASTER                                 :
d/b/a                                             :
LANCASTER CITY POLICE BUREAU, *et al.*,           :
               Defendants.             :

**MEMORANDUM**

**SCHMEHL, J. -** */s/ JLS*                                     **MAY  28, 2026**


Plaintiff "Joshua Green C/O Weisberg Law" initiated this excessive force action on December 17, 2024 by filing a Praecipe for a Writ of Summons against the City of Lancaster d/b/a Lancaster City Bureau of Police, Officer Jay Hatfield and certain John Doe Defendants in the Court of Common Pleas of Lancaster County. The action sought to address certain alleged actions by the Defendants that occurred on March 19, 2023. On January 26, 2025, Plaintiff Joshua Green passed away.

On April 15, 2025, Plaintiff's counsel filed a Suggestion of Death. ECF 23-2. On that same day, Plaintiff's counsel served a copy of the Suggestion of Death on defense counsel but not on Plaintiff's successor or representative. *Id*. On May 1, 2025, Plaintiff's counsel filed a Complaint in the Court of Common Pleas of Lancaster County, asserting claims for excessive force, cruel and unusual punishment, assault and battery and a *Monell* claim[1] against the City of Lancaster. ECF 23-3. The Complaint listed the Plaintiff as "Micheal[sic] Green, Future Personal

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**1**

Representativr [sic]/ Administrator/ Executor of the Estate of Joshua Green, Deceased." *Id*. The Complaint did not allege the date on which Joshua Green had passed away nor whether an estate had been raised.  On May 7, 2025, the Defendants removed the action to this Court. ECF 1. On May 12, 2025, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. ECF 4. Specifically, the Defendants argued that the Complaint should be dismissed for lack of subject matter jurisdiction because, *inter alia*, it did not allege that as of the date the Complaint was filed, May 1, 2025, whether an estate had been raised. On May 27, 2025, Plaintiff's counsel filed in this Court a motion for leave to conduct limited John Doe discovery and to compel video. ECF 5. On June 12, 2025, Plaintiff's counsel filed in this Court a motion to stay this matter. ECF 7.

On October 3, 2025, Plaintiff's counsel filed a motion to amend the Complaint in which he requested for the first time that "Michael Green as Personal Representative of Joshua Green" be substituted for Plaintiff Joshua Green.  ECF 15. The Amended Complaint also sought to replace the John Doe Defendants with Officer Reppert and Officer Hockley. In Count One, Plaintiff asserted a claim for excessive force and cruel and unusual punishment in violation of the Fourth and Fourteenth Amendments. Count Two asserted a claim against Officers Reppert and Hockley for failure to intervene. Count Three asserted a claim against Officers Hatfield, Reppert and Hockley for assault and battery. Finally, in Count Four, Plaintiff alleged a claim against the City of Lancaster for failure to properly train its officers on the use of force.

On December 16, 2025, the Court, out of an abundance of caution, granted Plaintiff's motion to amend the Complaint but prohibited Plaintiff from asserting any claims against Officers Reppert and Hockley because such claims were time-barred. ECF 20. The Court also directed the Plaintiff to specifically allege in the Amended Complaint on what date an estate

**2**

was raised. *Id*. On December 29, 2025, Plaintiff filed a First Amended Complaint ("FAC"), asserting claims for excessive force, cruel and unusual punishment, assault and battery and a Monell claim against the City of Lancaster. ECF 22. The FAC also alleged that that an estate was raised on July 30, 2025, when the decedent's father, Michael Green, was named as administrator of the Estate of Joshua Green. ECF 22, paragraph 26**.** Defendants have now filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction under Reule 12(b)(1) of the Federal Rules of Civil Procedure and under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. ECF 23. For the reasons that follow, the motion will be denied and the case will be remanded to the Court of Common Pleas of Lancaster County.

The Defendants make a "facial" attack on the Court's jurisdiction. A "facial" attack considers a claim on its face and asserts it is insufficient to invoke the Court's subject matter jurisdiction. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The Court considers only the allegations of the complaint and documents referenced in the complaint in the light most favorable to Plaintiff. *Id*. The burden of establishing subject matter jurisdiction rests on Plaintiff as the party asserting jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Defendants argue that this case must be dismissed because "[t]he original Complaint, filed on March 27, 2025, in the Lancaster County Court of Common Pleas was void because it was filed after Joshua Green was deceased, having died on January 26, 2025, but before any personal representative was established." ECF 23, p. 13.

The attorney-client relationship between Joshua Green's counsel and Joshua Green ceased on the date of Joshua Green's death, January 26, 2025. *See Bass v. Attardi,* 868 F. 2d 45, 50 n.12 (3d Cir. 1989). Therefore, any actions taken by Joshua Green's counsel after the

death of Joshua Green but before the raising of Joshua Green's estate on July 30, 2025, including filing the Complaint on behalf of "Micheal Green[sic], Future Personal Representativr [sic]/ Administrator/ Executor of the Estate of Joshua Green, Deceased" in the Court of Common Pleas of Lancaster County on May 1, 2025, the May 27, 2025 filing in this Court of a motion for leave to conduct limited John Doe discovery and to compel video and the June 12, 2025 filing in this Court of a motion to stay this matter are all, in effect, void. Indeed, since the original complaint that was filed in the Court of Common Pleas of Lancaster County on May 1, 2025 in this matter was void, the removal of that action to this Court was also void.

Defendants argue that since the Amended Complaint with the named Plaintiff as "Michael Green as Personal Representative of Joshua Green" was not filed until December 29, 2025 and the operative facts occurred on March 19, 2023, the Amended Complaint is time-barred by the two-year statute of limitations for civil rights actions. The Court does not agree.

"Pennsylvania law controls the pre-removal aspects of th[e] case," and, "[u]nder Pennsylvania law, the act of filing the Praecipe served to commence Plaintiff's action in state court and to effectively toll the statute of limitations." *Lempa v. Rohm & Hass Co.,* No. 05–985, 2007 WL 878496 at *5 (E.D.Pa. Mar.20, 2007) (citing Pa. R. Civ. P. 1007; *Frazier v. City of Phila.,* 927 F.Supp. 881, 884 (E.D.Pa.1996), *rev'd on other grounds,* 266 F.3d 186 (3d Cir.2001); *Galbraith v. Gahagen,* 415 Pa. 500, 204 A.2d 251, 252 (Pa.1964)). Furthermore, "[f]ollowing removal to federal court, the praecipe filing date is controlling for purposes of the statute of limitations." *Id.* (citing *Bennett v. Consol. Rail Corp.,* No. 88–3337, 1988 WL 94280, at *3–4 (E.D.Pa. Sept.12, 1988); *Mitchell v. Joseph's Supermarkets, Inc.,* 712 F.Supp. 59, 63–64 (W.D.Pa.1989).

**4**

Since Plaintiff Joshua Green filed a Praecipe for a Writ of Summons in the Court of Common Pleas of Lancaster County on December 17, 2024, the statute of limitations was tolled and any subsequent complaint or amended complaint filed by Plaintiff was timely.[2]

Defendants also contend that this matter must be dismissed under Rule 25(a)(1) of the Federal Rules of Civil Procedure which governs the substitution of parties upon the death of a party when the claim is not extinguished by death. That Rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Two affirmative steps must be taken to "trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The party seeking to substitute must: (1) "formally suggest the death of the party upon the record," and (2) "serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.*

The FAC alleges that the statement of the death of Joshua Green was filed on April 15, 2025. However, there is no allegation in the FAC nor evidence in the record that the statement of death was ever served on Plaintiff's successor or representative. Therefore, the statement of death was deficient, and the 90-day period was not triggered. *See Bass v. Attardi,* 868 F. 2d 45, 50 n.12 (3d Cir. 1989)( "[T]the suggestion of death in the cases of both Carr and Schmidt was

---

[2] Defendants do not contend that any of Plaintiff's claims were extinguished by the death of Joshua Green.

deficient because the suggestion was not served on the decedents' successors or representatives as required by Fed.R.Civ.P. 25(a)(1).")

Based on the above discussion, the Court, out of an abundance of caution, will remand this matter to the Court of Common Pleas of Lancaster County where all the necessary procedural deficiencies concerning the raising of the estate and naming the proper plaintiff may be corrected from the onset. Following the correction of the deficiencies by Plaintiff, the matter may be ripe to be removed by Defendants to this Court, if they desire, and then the Court will place this case on an expedited track.